GERSON, CAPEK & VORON
BY: RICHARD L. GERSON, ESQUIRE
IDENTIFICATION NO. 08759
BY: NICOLE GERSON, ESQUIRE
IDENTIFICATION NO. 76186
1420 WALNUT STREET, SUITE 300
PHILADELPHIA, PA 19102
(215) 985-0700
Attorneys for Plaintiffs

---

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| James and Curtiss Thompson<br>805 Oxford Crest<br>Villanova, PA 19085 | : <br> : <br> : | 2:26-cv-04458 |
| PLAINTIFF | : <br> : | COMPLAINT FOR UNDERINSURED<br>MOTORIST BENEFITS |
| vs. | : <br> : | |
| AAA Insurance<br>underwritten by CSAA General<br>Insurance Company<br>3055 Oak Road<br>Walnut Creek, CA 94597 | : <br> : <br> : <br> : <br> : | |
| DEFENDANT | : | |

CIVIL ACTION
BREACH OF CONTRACT

## I.    INTRODUCTION

1. Plaintiffs bring a complaint against Defendant seeking Underinsured Motorist benefits as a result of injuries sustained in a  motor vehicle accident on January 12, 2025.

## II.    JURISDICTION and VENUE

2.    There is diversity of states between and among the parties, as Plaintiffs are citizens of Pennsylvania and Defendant is a citizen of California.

3.    The amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This claim for personal injuries is based upon the January 12, 2025, motor vehicle accident which occurred in Montgomery County, Pennsylvania.

5. Defendant, AAA Insurance, underwritten by CSAA General Insurance Company, has local offices throughout southeastern Pennsylvania, including both Montgomery and Philadelphia counties.

6. Jurisdiction is proper in the Federal Court under 28 USC §1332.

7. Venue is proper pursuant to 28 U.S. Code §1391.

## III. PARTIES

8. Plaintiffs, James and Curtiss Thompson, h/w, are married adult individuals who reside at 805 Oxford Crest, Villanova PA 19085.

9. Defendant, AAA Insurance, underwritten by CSAA General Insurance Company (hereinafter sometimes referred to as "AAA"), is an insurance company, incorporated in the state of California, and headquartered at 30 Oak Road, Walnut Creek, CA, 94597, and authorized to conduct business as an insurance company in the Commonwealth of Pennsylvania.

## IV. STATEMENT OF FACTS

10. At all relevant times, Plaintiffs, James and Curtiss Thompson, were, and are, married to each other.

### The Policy

11. Effective August 1, 2024, Defendant, AAA Insurance, underwritten by CSAA General Insurance Company, issued a Pennsylvania insurance policy (policy number PASS227978872) (hereinafter sometimes referred to as "the Policy"), providing motor vehicle coverage to the Thompsons. (Exhibit "A" and Exhibit "B").

12. The Policy provided, inter alia, Underinsured Motorist coverage for each vechile in the amount of $300,000.00, and further provided stacking for the two (2) vehicles on the policy, for a total of $600,000.00 available Underinsured Motorist Coverage.

13. The Policy was in effect on January 12, 2025, the date of the accident.

**January 12, 2025 Motor Vehicle Accident**

14. On or about January 12, 2025, Plaintiffs were passengers in a motor vehicle which was involved in an accident at the intersection of Spring Mill Road and Old Gulph Road, Villanova, Pennsylvania.

15. The driver of Plaintiffs' host vehicle ran a red light.

16. The accident resulted solely from the negligence, carelessness and recklessness of the driver of the host vehicle.

17. The accident was not due, in any manner whatsoever, to any act or failure to act, on the part of the other driver of the vehicle involved in the collision.

18. There is no dispute as to liability.

**Plaintiff's Accident Related Injuries**

19. As a result of the accident, Plaintiff, James Thomnpson sustained severe and serious injuries including, but not limited to, type II, cervical spine fracture; vertebral artery dissection; and concussion; together with shock and injury to his nerves and nervous system. All of the above injuries may be permanent, except those of a superficial nature. All of the foregoing injuries have rendered Plaintiff, James Thompson, sick, sore, lame, prostrate, disabled and disordered, and have made him  undergo great mental anguish and physical pain as a result of which he has suffered, yet suffers, and will continue to suffer for an indefinite time in the future.

20   By reason of the injuries sustained in the aforesaid accident, Plaintiff, James Thompson, has been, and may in the future be, required to expend various sums of money for medical services and treatment, and to incur various expenses for the injuries he has suffered, the cost or reasonable value of which is in excess of benefits which Plaintiff is entitled to receive pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §1701, et seq., and Plaintiff may be obliged to continue to expend such sums or incur such expenditures for an indefinite time in the future.

21.   By reason of the occurrence above described, Plaintiff, James Thompson, has been unable to follow his avocations, and he may continue to be prevented from attending to his usual duties and avocation, all to his great emotional, physical and financial detriment and loss.

22.   As a direct and reasonable cause of the incident aforesaid, the Plaintiff has incurred, or may hereafter incur, other financial expenses or losses which exceed, or may in the future exceed, amounts which Plaintiff may otherwise be entitled to recover.

**Loss of Consortium**

23.   As a result of the aforesaid accident, resulting in injuries to her husband, James Thompson, as set forth above, the wife Plaintiff, Curtiss Thompson, has been deprived of the society, services, assistance and consortium of her husband, all of which have been to her great financial detriment and loss.

**Third Party and Underinsured Motorist Coverage Claim**

24. Plaintiffs resolved their claim with the third party tortfeasor, for a confidential amount, in or about December, 2025.

25. Plaintiffs gave notice of their Underinsured Motorist claim to Defendant on or about November 19, 2025, and advised Defendant what the confidential settlement amount was at that time.

26. Defendant provided  consent to Plaintiffs' settlement on or about December 3, 2025.

27. The third party tortfeasor policy was a combined single limit policy, or blanket policy, for $1,000,000.

28. There is another party (the other driver) to the January 12, 2025 accident, who has made, or may make, a claim against the single limit policy.

29. Plaintiffs have made a written demand for Underinsured Motorist benefits pursuant to the aforesaid policy and made demand for compensation for the pain and suffering endured by Plaintiff as a result of the aforesaid incident.

30. Since the date Defendant was made aware of Plaintiffs' Underinsured Motorist Claim, Plaintiffs have promptly complied with all of Defendant's requests for records and/or documents.

31. No additional requests for documents or records have been made by Defendant since all previously requested information was provided.

32. Defendant has not made any effort to address and respond to Plaintiffs' claim.

## V.    CAUSE OF ACTION

### Underinsured Motorist Coverage Breach of Contract Claim
### James & Curtiss Thompson v. AAA

33.    The parties hereto entered into a contract of insurance which provided Underinsured Motorist coverage to the Plaintiffs in the event that the Plaintiff suffered injury as a result of an auto accident, and the third party coverage was inadequate to compensate them.

34.    As a result of the aforesaid January 12, 2025, auto accident, the plaintiff, James Thompson, suffered serious and permanent injuries, the value of which is in excess of the primary liability insurance coverage available from the third party tortfeasor.

35.    The plaintiffs have fully complied with all the terms, conditions, obligations and duties required under the Policy.

36.    Defendant has failed to timely evaluate, objectively and fairly, the plaintiff's claim for bodily injury under the Underinsured Motorist provisions of its aforesaid insurance policy purchased by, and issued to, Plaintiffs.

37.    Defendant has failed to offer any payment of the said claim for bodily injury to the Plaintiff.

38.    Defendant has failed to timely investigate Plaintiff's claim, since a thorough and proper inquiry would have revealed Plaintiff sustained serious and permanent bodily injuries as a result of the negligence of the operation of the Third Party Underinsured motor vehicle, as alleged above.

39.    For reasons set forth above, Defendant has violated its obligations under the policy of insurance issued to, and purchased by, Plaintiffs.

40.    For the reasons set forth above, Defendant has breached its insurance contract.

I.    **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs request judgment in their favor and against Defendants for the following::

A.    Damages for pain and suffering under the Underinsured Motorist Coverage policy;

B.    Damages for past and future medical treatment under the Underinsured Motorist Coverage policy;

C.    Damages for future economic needs under the Underinsured Motorist Coverage policy; and

D.    Damages for loss of consortium.

                                        **GERSON, CAPEK & VORON**

                          BY:    _____
                                        **RICHARD L. GERSON**
                                        **NICOLE GERSON**
                                        **Attorneys for Plaintiffs**

June 29, 2026